IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD JAY LORIGO,

        Petitioner,               No. CIV S-08-0301 JAM EFB P

    vs.

K. CLARK, Warden, et al.,

        Respondents.        <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. This court will not rule on petitioner's request to proceed in forma pauperis.

        Petitioner is presently incarcerated at the California Substance Abuse Treatment Center in Kings County. Petitioner is serving a sentence for a conviction rendered by the Los Angeles County Superior Court. Petitioner is challenging a May 16, 2007, denial of parole suitability.

        Any warden or sheriff in California is amenable to personal jurisdiction in Eastern District parole eligibility cases because personal jurisdiction is a state-wide, not individual district, concept. However, venue concepts are oriented to individual districts. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Because it is difficult to stretch "conviction and sentencing"

into a decision denying parole suitability, only the first venue option is appropriate.  Moreover, since prisoners are not normally transferred about for parole eligibility hearings, the district of confinement would normally be the district of "conviction and sentencing" anyway even if that rubric were utilized in the parole eligibility setting.[1]

Thus, the court should not maintain this parole suitability case in this division. [2]

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:

1. This matter is transferred to the United States District Court for the Eastern District of California, Fresno Division.  28 U.S.C. § 2241(d);

2. The Clerk of Court shall assign a new case number; and,

3. All future filings shall bear the new case number and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: July 10, 2008.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the district where petitioner suffered his underlying conviction, maintaining the action in that place in parole suitability situations would not be as appropriate as having it in the place of confinement. First, in the logistical sense, the issue of parole suitability has little to do with the place of conviction – the court will not be concerned with the ease of mustering witnesses and evidence. Secondly, even though the local government officials at the place of conviction may retain an interest in having parole denied, habeas cases are handled by the state Attorney General's Office, and local officials are not involved in the federal court litigation regarding review of the parole eligibility decision. The issues involved in the federal court review will not center about the opinions of local officials, and even if it did, those opinions will be of record already.

[2] The opposite policy is in effect for the "usual" habeas cases involving attack upon a conviction or sentence.  In those cases there is an advantage to transferring to the district of conviction because evidence and witnesses for any evidentiary hearing are more likely to be located there.  The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.